IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY LEWIS and TIMOTHY TRAPUZZANO,)
                                     )
        Plaintiffs,                  )
                                     )
            vs.                      )   CA No. 09-164
                                     )
FORD MOTOR COMPANY, WASHINGTON       )
   FORD, INC., and MORELLI HOSKINS   )
   FORD, INC.,                       )
                                     )
        Defendants.                  )

## MEMORANDUM ORDER

Pending before the Court is Plaintiffs' renewed motion to remand this matter to the Court of Common Pleas for Armstrong County, pursuant to 28 U.S.C. § 1447[1] (Doc. No. 74.)   Plaintiffs contend the Court no longer has jurisdiction over this case inasmuch as the motion for class certification has been denied. Defendant Ford Motor Company opposes the motion; Defendants Washington Ford, Inc., and Morelli Hoskins Ford, Inc., have not filed briefs opposing or acquiescing to the motion.   For the reasons discussed below, Plaintiffs' motion is denied.

## I.   RELEVANT HISTORY

Plaintiffs Timothy Lewis and Timothy Trapuzzano originally filed suit in the Court of Common Pleas of Armstrong County,

---

[1]   In relevant part, 28 U.S.C. § 1447, which addresses procedures applicable to cases removed from state to federal court, provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."   28 U.S.C. § 1447(c).

Pennsylvania, on January 20, 2009.   Their Complaint sought certification of a class consisting of

> all persons who purchased a Class Vehicle[2] in the State [sic] of Pennsylvania, or who owned a Class Vehicle and were forced to sell or trade the vehicle at a loss because of the extreme front end oscillation the vehicles exhibit when contacting typical road surfaces of expansion joints, road reflectors or potholes.

(*See* Doc. No. 1, Exhibit A, Complaint, ¶ 14, "Class Members.")

In their initial complaint, Plaintiffs alleged that Ford Motor Company ("Ford") had violated the express warranty provisions of the Magnuson-Moss Act Warranty Improvement Act, 15 U.S.C. § 2301 ("the Act"); the implied warranty provisions of the Act; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.* ("Consumer Protection Law.")

On February 2, 2009, Ford filed a timely motion for removal pursuant to 28 U.S.C. §§ 1332(d) and 1146, arguing that removal was appropriate under the Class Action Fairness Act of 2005 ("CAFA," found in various provisions of 28 U.S.C. § 1332), based on Ford's estimation that the putative class, as described in the Complaint, would consist of 100 or more members; that the damages sought for the class would exceed $5 million; and that there was complete diversity of at least one member of the class and any defendant.

---

[2]   Throughout the Complaint and in Plaintiffs' pleadings, "Class Vehicle" was defined in a number of inconsistent ways.   In considering the motion to certify the class, the Court used the definition "2005-2007 F-250/F-350 Super Duty vehicles [purchased] new from Ford Motor Company authorized dealers located in the State of Pennsylvania." (Memorandum Opinion, Doc. No. 59, at 11.)   The same definition is used herein.

Plaintiffs responded on February 14, 2009, with a motion to remand to the Court of Common Pleas. In a memorandum opinion entered on March 26, 2009, this Court determined that based on the average amount sought by a typical class member,[3] even when interest and costs were excluded (*see* 28 U.S.C. § 1332(d)(6)), damages per member would total $1,300. (Doc. No. 18 at 14-19.) An unrefuted declaration provided by a Ford design analysis engineer which stated that the company had sold approximately 22,000 Class Vehicles in Pennsylvania, coupled with Plaintiffs' definition of the class as "all persons who purchased a class vehicle in the State of Pennsylvania. . .," led the Court to conclude that it was not rash speculation to find that the class would total at least 3,847 persons, thereby satisfying one prong of the test used to determine if removal under CAFA was appropriate. By simple multiplication, then, the amount in controversy was also satisfied. (Id. at 19-23.) The Court held it was appropriate to retain jurisdiction and the motion to remand was denied.

The litigation continued through preliminary discovery on class certification issues until May 11, 2009, when Plaintiffs moved to certify a class only as to Count III of the Complaint,

---

[3] Damages included the cost of vehicle repairs, incidental or consequential damages, restitution, disgorgement of "all ill-gotten revenues and/or profits," attorneys fees, costs, pre- and post-judgment interest, and, pursuant to the Consumer Protection Law, treble actual damages, costs, interest and attorneys fees. (Doc. No. 18 at 14-15.)

violation of the Pennsylvania Consumer Protection Law.[4]   (Doc. No.
31.)   The Court denied the motion for class certification in a
memorandum opinion dated August 25, 2009. (Doc. No. 59, "Non-
Certification Opinion.") We concluded that although the putative
class satisfied the requirements of numerosity (id. at 10-13) and
typicality (id. at 26-29), Plaintiffs had failed to show that the
class met the commonality and adequacy of representation criteria
(id. at 13-26 and 29-36, respectively) of Fed. R. Civil P. 23(a),
nor did the putative class satisfy the predominance criterion of
Rule 23(b)(3) (id. at 36-38.)   Plaintiffs were directed to file an
amended complaint deleting all class allegations which they did on
October 21, 2009.[5]   They then filed the now-pending motion to
remand this matter to state court.

## II.  **ANALYSIS**

Plaintiffs first argue that the Court's conclusion in the Non-
Certification Opinion that "damages to the class where [sic] not
ascertainable on a class basis and would require an 'unconscionable
use of the Court's time'" is evidence that the $5,000,000 amount in

---

[4]   Plaintiffs did not file a motion to certify a class as to the
claims brought under the Magnuson-Moss Act at any time.   However,
neither did they file a motion for reconsideration of the Court's
Order directing them to eliminate all class allegations, even those
which did not pertain to the Consumer Protection Law claims.

[5]   Plaintiffs actually filed a first amended complaint on
September 23, 2009 (Doc. No. 70), in which they named Springfield
Ford, Inc., as a defendant.   Apparently realizing that Mr. Lewis
purchased his vehicle from Morelli Hoskins Ford and therefore the
latter should have been named instead, they filed a Second Amended
Complaint on October 21, 2009 (Doc. No. 77.)

4

controversy under CAFA "was not and could not be established thus, this Court never had subject matter jurisdiction." Consequently, we should remand the case to the Court of Common Pleas. (Plaintiffs' Memorandum of Law in Support of Their Renewed Motion to Remand, Doc. No. 75, "Plfs.' Memo," at 2-3.)

Alternatively, the case should be remanded "because continued jurisdiction under the CAFA is premised upon the district court entering an order certifying the class action." (Plfs.' Memo at 3-4, citing cases in n.6.) While acknowledging that there is a split among the district courts which have considered this question, the only Circuit Court case Plaintiffs were able to identify which "squarely addresses" the issue, County of Nassau v. Hotels.com, LP, 577 F.3d 89 (2d Cir. 2009), held that class certification is required for continued jurisdiction under CAFA. Moreover, the reasoning of those courts which have held that jurisdiction survives dismissal of the class allegations is at odds with the purpose of CAFA.

Finally, Plaintiffs argue that retaining jurisdiction after denying a motion for class certification will lead to forum shopping and ensure that federal courts become bogged down with small cases which are inappropriate in federal court. Consequently, this Court should follow the line of cases based on Falcon v. Philips Elecs. N. Am. Corp., 489 F. Supp.2d 367 (S.D. N.Y. 2007), and hold that failure to certify a class destroys subject matter

jurisdiction. (Id. at 4-5.)  Plaintiffs fail to elaborate on this third argument and the only case cited in support of this argument, Falcon, does not address either the issue of forum shopping or of federal courts becoming bogged down in small cases.  We therefore decline to address this point[6] and turn to an analysis of Plaintiffs' other arguments.

A.    This Court Never Had Jurisdiction under CAFA

          Plaintiffs argue that subject matter jurisdiction in this case never existed and remand is thus mandatory under 28 U.S.C. § 1447(c).  They contend that in assuming jurisdiction under CAFA, the only basis for Defendant's removal action, the Court erroneously determined that the damages of the class would satisfy the $5 million threshold based on a general calculation, yet later determined that the commonality criterion of Rule 23(a) could not

---

[6]    Case law seems to support an argument diametrically opposed to that proposed by Plaintiffs, who imply that Ford engaged in forum shopping by removing the case to federal court from state court.  In fact, courts are concerned that plaintiffs may engage in forum shopping by withdrawing their class claims or reducing the amount in controversy in order to manufacture a remand to state court.  See Avritt v. Reliastar Life Ins. Co., CA No. 07-1817, 2009 U.S. Dist. LEXIS 51524, *4-*5 (D. Minn. June 19, 2009), citing Garcia v. Boyar & Miller, P.C., Nos. 06-1936 (consolidated), 2007 U.S. Dist. LEXIS 39072, *17-*18 (N.D. Tex. May 30, 2007), and Genenbacher v. CenturyTel Fiber Co. II, LLC, 500 F. Supp.2d 1014, 1017, n.3 (C.D. Ill. 2007); see also Irish v. Burlington N. Santa Fe Ry. Co., CA No. 08-469, 2009 U.S. Dist. LEXIS 39844, *10 (W.D. Wis. May 7, 2009), acknowledging that "CAFA is intended to reduce forum shopping by class action litigants," and Grimsdale v. Kash N' Karry Food Stores, Inc., 564 F.3d 75, 80-81 (1st Cir. 2009), noting that when enacting CAFA, one of the goals expressed by Congress was to expand federal class action jurisdiction in an effort to reduce "abusive practices by plaintiffs and their attorneys," including "forum shopping to take advantage of potential state court biases against foreign defendants."

be satisfied because each class member's damages would have to be
individually determined. Similarly, the Court granted CAFA
jurisdiction based on a class size of at least 3,847 members, only
to later contradict itself in the Non-Certification Opinion by
finding that these class members had "disappeared like specters in
the night" or that the numerosity criterion had been "established
only by the slimmest of margins." According to Plaintiffs, it
follows that if the class did not satisfy the numerosity[7] or
commonality[8] criteria of Rule 23(b) at the time the class

---

[7]   In a rather confusing argument, Plaintiffs contend that the
case should be remanded to state court because the rulings of this
court are inconsistent. (Plfs.' Memo at 7, stating that the Court's
purportedly inconsistent rulings mean that "jurisdiction according to
CAFA never existed and the matter must be remanded.") With regard to
the numerosity issue, the Court held in the opinion addressing the
initial motion to remand that there were more likely than not at least
100 members of the class and in the Non-Certification Opinion that
Plaintiffs had satisfied the numerosity requirement of Rule 23(a) by
the preponderance of the evidence. (Non-Certification Opinion at 13.)
The Court arrived at no determination of a likely number of class
members in its Non-Certification Opinion, but accepted Plaintiffs'
argument, based on warranty records they put into evidence, that there
were "at least 1,000 and perhaps as many as 21,836 individuals" who
were potential members of the class. (Brief in Support of Motion for
Class Certification, Doc. No. 32, at 11.) The Court could hardly have
held, then, that the class members had disappeared "like specters in
the night."

[8]   The Court held in the initial remand opinion that if
Plaintiffs were to succeed on all their claims, each member of the
class - based on the damages alleged in the Complaint and on case law
concerning award of attorneys fees (see Frederico v. Home Depot, 507
F.3d 188, 199 (3d Cir. 2007)) - would be entitled to damages of at
least $1,300, thus satisfying the CAFA amount in controversy, assuming
there were at least 3,847 class members. (Doc. No. 18 at 14-20.) The
analysis in the Non-Certification Opinion did not address the amount
of damages each class member could potentially receive, but rather how
each plaintiff's damages would be ascertained, a question which would
involve individual review of each class member's circumstances in
direct contradiction to Third Circuit's opinion that "[i]f proof of
the essential elements of the cause of action requires individual

7

certification motion was denied, the same must have been true at
the time of removal, meaning that the Court did not have
jurisdiction when the case was removed.  Consequently, the Court
must remand to state court for lack of subject matter jurisdiction.
(Plfs.' Memo at 5-7.)

This argument reflects a fundamental misunderstanding of the
law.  CAFA gives federal district courts original jurisdiction,
either by the plaintiff's act of filing in such a court or by the
defendant's removal thereto, of a putative class action *before* the
entry of a class certification order, assuming the criteria of 28
U.S.C. § 1332(d)(2) and (d)(5)(B) are met.  *See* 28 U.S.C.
§ 1332(d)(1)(B), defining "class action" as "any civil action *filed*
*under* rule 23 of the Federal Rules of Civil Procedure or similar
State statute[9] or rule of judicial procedure authorizing an action
to be brought by 1 or more representative persons as a class
action."  (Emphasis added by the Court.)  "A complaint that
contains class-type allegations historically has been assumed to

---

treatment, then class certification is unsuitable."  (Non-
Certification Opinion at 24-26, *quoting* Newton v. Merrill Lynch,
Pierce, Fenner & Smith, Inc., 259 F.3d, 154 172 (3d Cir. 2001).)   In
short, the opinions are not inconsistent but rather deal with
different questions - the CAFA requirements for numbers of class
members and amount of damages as compared to the numerosity and
commonality requirements of Rule 23(a).

[9]  In their Complaint, Plaintiffs did not invoke Federal Rule of
Civil Procedure 23, but rather Pennsylvania Rules of Civil Procedure
1701-1716, which incorporate criteria essentially identical to those
of Federal Rule 23(a).  (Complaint, ¶¶ 13-25.)  However, their motion
for class certification was filed pursuant to Federal Rule 23(a) and
(b)(3) (Doc. No. 31.)

assert a class action before formal class certification." <u>College of Dental Surgs. of P.R. v. Conn. Gen. Life Ins. Co.</u>, 585 F.3d 33, 40 (1st Cir. 2009).  CAFA further provides that "[t]his subsection shall apply to any class action before or after the entry of a class certification order by the court with respect to that claim." 28 U.S.C. § 1332(d)(8).  "[T]his provision . . . effectively treats as provisional class actions those suits visibly framed as such, notwithstanding flaws that may be subject to adjustment or revision before a class can be certified." <u>College of Dental Surgeons</u>, <u>id</u>.

Based on Plaintiffs' allegations in the Complaint that the criteria for class certification had been met and the outline of damages they sought on behalf of the class, plus the affidavit stating the cost of repairing the allegedly defective vehicles and the number of Class Vehicles sold, Ford had reasonable grounds to seek removal to this Court.   "CAFA does not list class certification as a prerequisite to federal jurisdiction.  Indeed, at the time a CAFA action is brought in federal court, class certification will almost always remain to be decided at some unspecified future date." <u>Falcon</u>, 489 F. Supp.2d at 368; <em>see also</em> <u>In re Ford Motor Co. Speed Control Deactivation Switch Prods. Liab. Litig.</u>, MDL Doc. No. 1718, 2007 U.S. Dist. LEXIS 62483, *5 (E.D. Mich. Aug. 24, 2007) (finding that under CAFA, "the Court's jurisdiction over this matter is proper, regardless of whether a class has been certified.")

In short, CAFA provides jurisdiction in federal court before the court considers class certification issues based solely on the allegations of the plaintiff and, in the case of removal, the evidence put forth by the defendant to show that the basic criteria of CAFA are met.  The Court determined that jurisdiction was appropriate here at the time of removal as discussed at length in the Memorandum Opinion of March 26, 2009 (Doc. No. 18.)  We are not, therefore, persuaded by Plaintiffs' argument that this Court did not have jurisdiction at the time of removal.

B.  The Court Lost Jurisdiction When It
    Denied the Motion for Class Certification

Plaintiffs' second argument is more cogent.  As they point out, district courts which have considered whether the court continues to have jurisdiction under CAFA *after* it denies the motion for class certification are divided in their conclusions. Plaintiffs urge that we follow those courts who have held that once a court has dismissed (or the plaintiff has withdrawn) the class allegations, the case must either be remanded to the state court from which it was removed or dismissed without prejudice where the plaintiff initially filed in federal court. (Plfs.' Memo at 3-4.)

The problem of whether the federal court continues to have jurisdiction after class certification has been denied arises in part because the statute itself is silent on this question.  As noted above, the language of the act refers to jurisdiction "before or after the entry of a class certification order by the court with

10

respect to that claim." 28 U.S.C. § 1332(d)(8). This has led some courts to conclude that Congress intended that once jurisdiction was established under CAFA, the federal court continued to have jurisdiction even after all class action claims had been eliminated from the suit. This is consistent with the generally held rule that jurisdiction is determined at the time of removal and post-removal amendments to the complaint do not usually divest the court of jurisdiction. *See* Allen-Wright v. Allstate Ins. Co., CA No. 07-4087, 2009 U.S. Dist. LEXIS 39555 (E.D. Pa. May 7, 2009) and cases cited in footnote 5 thereof. These decisions sometimes also rely on the fact that although class certification may be denied at one point in the litigation, the question may be revisited with a different result after more discovery is completed. *See*, e.g., Genenbacher v. CenturyTel Fiber Co. II, LLC, 500 F. Supp.2d 1014, 1017 (C.D. Ill. 2007).

Conversely, the courts finding that jurisdiction does not continue after class certification is denied rely on equally well established principles that federal courts are courts of limited jurisdiction, that doubts about continuing subject matter jurisdiction in a case removed from state court should be resolved in favor of remand, and other language in the statute which implies that jurisdiction after the entry of a "class certification order" depends on that order being one which "approv[es] the treatment of some or all aspects of a civil action as a class action." 28

11

U.S.C. § 1332(d)(1)(C).   *See* <u>Avritt v. Reliastar Life Ins. Co.</u>, CA
No. 07-1817, 2009 U.S. Dist. LEXIS 51524, *5-*7 (D. Minn. June 18,
2009), citing cases.

Unfortunately for district courts addressing this question, no
Court of Appeals – including the U.S. Court of Appeals for the
Third Circuit – has explicitly attempted to resolve this question.
Plaintiffs claim that the only Circuit Court case which "squarely
addresses" this issue is <u>County of Nassau v Hotels.com, LP</u>, 577
F.3d 89 (2d Cir. 2009).   They summarize <u>County of Nassau</u> as
follows:

> In <u>Nassau</u>, the Plaintiff brought a punitive [sic] class
> action in federal court basing jurisdiction upon the
> CAFA.   The district court then dismissed the action
> because it found the plaintiff had failed to exhaust
> administrative remedies; the plaintiff then appealed. The
> Second Circuit raised the issue of whether the
> requirements of Fed. R. Civ. P. 23 was [sic] actually
> satisfied *nostra sponte*.   The court raised the issue
> because it found that jurisdiction premised upon the CAFA
> required an order certifying the action for class
> treatment.   Since the issue of class certification was
> not resolved, the court remanded the action to the
> district court for this issue to be resolved.

(Plfs.' Memo at 10-11.)

Our review of <u>County of Nassau</u> leads us to believe Plaintiffs
have slightly misread that case in concluding that the Court of
Appeals for the Second Circuit found CAFA jurisdiction "required an
order certifying the action for class treatment."   In that case,
the County, on behalf of all other New York state counties
similarly situated, filed suit in federal court under CAFA,

12

alleging that Hotels.com and other on-line travel services had collected county and other municipal taxes from its customers based on the amount those customers paid for hotel rooms.   However, rather than remitting the full amount of those taxes to the county, the defendants paid the tax based on the amount it had paid the hotel for the room and kept the difference.   *See* <u>County of Nassau</u>, 594 F. Supp.2d 251, 252-254 (E.D. N.Y. 2007).   The defendants apparently conceded that CAFA applied and moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), arguing, among other things, that the County had failed to exhaust its own mandatory administrative procedures for assessing and collecting local taxes.   The district court granted the motion to dismiss on that basis.   <u>Id.</u> at 255-258.

On appeal, the Circuit Court noted that the parties in the case had stipulated that the requirements of CAFA were met, a point the lower case had not examined carefully.   <u>County of Nassau</u>, 577 F.3d at 92.   The Court pointed out that each of the individual local governments in the State of New York, i.e., the potential class of plaintiffs, imposed hotel taxes according to its own tax laws.  Construction of the language of those tax laws might require individual inquiry and thereby raised the possibility that questions common to the class members would not predominate over individual questions.   <u>Id.</u>   The Court stated that the case would be remanded to the district court to consider this question in the

13

first instance to determine if class certification would be
appropriate, given the diversity of the tax laws and the
requirements of Rule 23(b).

Contrary to Plaintiffs' interpretation of this case, the lower
court had neither granted nor denied class certification, nor had
it entertained a motion to remand after certification was denied.
Therefore, County of Nassau provides no guidance to this Court on
the present question of whether we continue to have jurisdiction
after denying class certification.[10], [11]

Other Courts of Appeals have obliquely approached this

---

[10] We also find the Court of Appeals' analysis in County of
Nassau inconsistent with general CAFA case law which assumes that a
court has jurisdiction based on the allegations of the complaint alone
when the case is originally filed in federal court. Furthermore,
asking the lower court to base its jurisdictional analysis on
determination of whether the plaintiffs had adequately pled that
"questions of law or fact common to class members predominate over any
questions affecting only individual members, and that a class action
is superior to other available methods for fairly and efficiently
adjudicating the controversy" (Fed. R. Civ. P. 23(b)(3)) as the first
step in ascertaining jurisdiction would seem to contradict the CAFA
provision which states that the district court shall have jurisdiction
over "any civil action filed under rule 23 of the Federal Rules of
Civil Procedure" which also meets the other three criteria set forth
in the statute regarding class size, amount in controversy, and
diversity.   28 U.S.C. § 1332(d)(1)(B).  That is, as stated in the
text above, jurisdiction under CAFA may be invoked by filing a
putative class action which meets the three criteria of 28 U.S.C.
§ 1332(d)(2) even before the class certification issue is addressed.

[11] Plaintiffs also indicate in their memorandum that "when this
Court denied class certification it lost jurisdiction of the matter
pursuant to Nassau." (Plfs.' Memo at 11.)  To the extent Plaintiffs
are arguing that this Court is bound by Nassau, an opinion from the
Court of Appeals for the Second Circuit, that argument, of course, is
in error.  See Kinder Morgan Liquids v. Borough of Carteret, CA No.
05-4334, 2006 U.S. Dist. Lexis 22300, *9 (D. N.J. Mar. 30, 2006)
("[T]his court is not bound by decisions issued by the First Circuit.
This court is bound by Third Circuit decisions.")

14

question.  In College of Dental Surgs., *supra*, the First Circuit
Court of Appeals returned the case to the lower court which had
prematurely dismissed it because the complaint lacked a sufficient
definition of the class, a decision the Court of Appeals found was
"in tension" with the general provisions regarding jurisdiction
before and after entry of a class action order.  Id., 484 F.3d at
40.  While recognizing that the district courts were split on the
question of whether a later denial of class certification would
divest  a  district  court  of  CAFA  jurisdiction,  the  Court
"express[ed] no opinion" on that question.  Id. at 42, pointing out
that another First Circuit court had suggested in dicta that denial
of class certification would defeat CAFA jurisdiction, referring to
In re TJX Cos. Retail Sec. Breach Litig., 564 F.3d 489, 492 (1st
Cir. 2009).

Conversely, in Vega v. T-Mobile USA, Inc., 564 F.3d 1256 (11th
Cir. Fla. 2009), the defendant had removed a nationwide class
action  case  from  Florida  state  court;  after  discovery,  the
plaintiff amended his complaint to include a subclass of T-Mobile
employees only based in Florida.  The district court denied
certification  of  the  nationwide  class  due  to  problems  with
commonality but certified a class of certain T-Mobile employees
from Florida.  Id. at 1262-1264.  T-Mobile appealed the order
granting class certification.  The Court of Appeals found that the
lower court had erred by speculating without "a shred" of evidence

that the numerosity criterion of Fed. R. Civ. P. 23(a) would be satisfied with regard to the smaller Florida class.  Id. at 1266-1267.   The Court also noted in dicta that even if it were later found that the amended class definition resulted in fewer than 100 plaintiffs, "the § 1332(d)(5)(B) limitation applies only to 'proposed' plaintiff classes (as opposed to classes actually certified or that go to trial); jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction."  Id. at 1268, n. 12.   The Court also referred to a statement which appeared in the legislative history of the act, noting, "Current law (that [the CAFA] does not alter) is also clear that, once a complaint is properly removed to federal court, the federal court's jurisdiction cannot be 'ousted' by later events."  Id., _citing_ S. Rep. No. 109-14, 109th Cong., 1st Sess. 2005, reprinted in 2005 U.S.C.CA.N. 3, *70-71, *66-67.   Although this footnote does not provide a circuit court's decision on the continuing jurisdiction question, it implies that the Eleventh Circuit Court of Appeals would align with lower courts holding that once jurisdiction is established under CAFA, it continues throughout the life of the case.

At the district court level, at least two courts have thoroughly analyzed the case law from other circuits on this subject and have arrived at opposite conclusions.  In Allen-Wright

v. Allstate Ins. Co., *supra*, the Court identified the cases according to their conclusions. *See* 2009 U.S. Dist. LEXIS 39555, *5-*9, n. 5, contrasting cases which concluded denial of class certification meant the court either never had subject matter jurisdiction or had lost jurisdiction as a result, with those cases which found once jurisdiction was established under CAFA, subsequent events, including denial of class certification, did not divest the court of jurisdiction.

The court in Allen-Wright concluded that "both the statutory language of CAFA and well-settled law regarding removal actions weigh in favor of retaining jurisdiction in the matter." Id. at *13. Based on the "plain language of the words" of the statute, the court noted that "an action in which class certification is later denied would still be defined as a 'class action' because it was filed as such." That is, "the statute appears to recognize that not every action filed as a class action will meet the criteria set out for certification, but does not then hinge jurisdiction upon the certification of the class, but only upon the filing of a class action." Id. at *14. The court also considered the same excerpt from the legislative history as had been noted in T-Mobile above, indicating that Congress had intended that CAFA not disturb current law that once jurisdiction was established in the federal court, it could not be ousted by later events. Id. at *15.

The third source of support for the Allen-Wright court was the decision in St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938), where the United States Supreme Court held that "events occurring subsequent to the removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has been attached." The Third Circuit has followed that ruling in cases such as Westmoreland Hospital Association v. BlueCross of Western Pennsylvania, 605 F.2d 119, 123 (3d Cir. 1979), where the court held that "the nature of the plaintiff's claim must be evaluated, and the propriety of remand decided, on the basis of the record as it stands at the time the petition for removal is filed." Allen-Wright, 2009 U.S. Dist. LEXIS 39555 at *16-*17.

Based on these guidelines, the Allen-Wright court concluded that although

> denial of class certification is distinct from a change in citizenship or amount in controversy, . . . with no specific provision contained in the statute, we rely on the common law to assess "developments" post-removal. We find this reasoning applicable to the instant case where a post-removal denial is a subsequent development. Jurisdiction attached to this case at its time of removal and, without specific direction from Congress, we cannot find that a change in the circumstances of the action divests this Court of jurisdiction.

Allen-Wright, 2009 U.S. Dist. LEXIS 39444 at *18.

Having made a comparable exhaustive review of the case law, the court in Avritt v. Reliastar Life Ins. Co., supra, reached the exact opposite conclusion. First, the court relied on two

18

provisions in CAFA, the first stating that the court had jurisdiction "before and after the entry of a class certification order" and the second defining "class certification order" as "an order issued by a court approving the treatment of some or all aspects of a civil action as a class action." Avritt, 2009 U.S. Dist. LEXIS 51524 at *2-*3, *citing* 28 U.S.C. §§ 1332(d)(8) and (d)(1)(C), respectively.   The court reasoned that jurisdiction could be maintained only if there were a possibility that a class could still be certified and that the certification order would provide treatment as a class action for "some or all" of the case. By contrast, if the class certification did not provide for class treatment, i.e., certification was denied, the court would be divested of jurisdiction.   Id. at *7-*8.

This Court finds it is persuaded by the reasoning of Allen-Wright and, more significantly, by a reference to the legislative history of CAFA which no other court seems to have considered, but which has been brought to our attention by Ford.   In the original version of S.1751, the Senate bill proposing CAFA, there had been a provision which stated:

> (7)(A) A district court shall dismiss any civil action that is subject to the jurisdiction of the court solely under this subjection if the court determines the action may not proceed as a class action based on a failure to satisfy the prerequisites of rule 23 of the Federal Rules of Civil Procedure.

(Defendant's Memorandum in Opposition to Plaintiffs' Renewed Motion to Remand, Doc. No. 95, "Def.'s Memo," Appendix B, at 6.)

As a general matter, a court need not consider the legislative history of a statute when the text is unambiguous and "there is no indication that Congress, for example, made a typographical error in drafting this part of the statute." Morgan v. Gay, 471 F.3d 469, 473 (3d Cir. 2006). Paragraph (7)(A) of the draft bill addressed the precise issue before this Court and would have resolved the question by explicitly divesting the federal district court of jurisdiction if the plaintiff's motion for class certification were denied. However, as Defendant points out, when the bill reached the point of negotiation for its final form, this provision was excluded. Senator Christopher Dodd stated during floor debate that the compromise bill would eliminate the "merry-go-round problem,[12]" that is:

> S.1751 would have required federal courts to dismiss class actions if the court determined that the case did not meet Rule 23 requirements. The compromise eliminates the dismissal requirement, giving federal courts discretion to handle Rule 23-ineligible cases appropriately. Potentially meritorious suits will thus not be automatically dismissed simply because they fail to comply with the class certification requirements of Rule 23.

(Def.'s Memo, Appendix C at 2, 149 Cong. Rec. S16, 102-103, daily ed. Dec. 9, 2003.)

---

[12] Although not clearly identified in the legislative history, it would appear that the "merry-go-round" problem refers to the potential situation in which a defendant removes a putative class action originally filed in state court to federal court under CAFA, the court denies the motion for class certification and remands to state court, the plaintiff amends his complaint to again include class allegations, the defendant removes to federal court, etc., etc.

We are persuaded by these excerpts that deletion of the provision which would have mandated dismissal of putative class actions which fail to satisfy the requirements of Rule 23 reflects a Congressional intent to allow cases which were originally filed as class actions and met the CAFA requirements to continue in federal court even after certification is denied. As the Court of Appeals has pointed out, the task of a court "is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." United States v. One "piper"' Aztec "f" De Luxe Model 250 PA 23 Aircraft..., 321 F.3d 355, 359 (3d Cir. 2003) (internal quotation omitted.) The deliberate deletion of the dismissal provision would seem to be a reasonably plain reflection of Congressional intent on this question. We further presume that "Congress is aware of the legal context in which it is legislating" (Allen-Wright, 2009 U.S. Dist. LEXIS 39555 at *15-16), and that "Congress enacts legislation with knowledge of existing law and, consequently, that [a] newly-enacted statute is harmonious with the existing law" (McGhee v. Cont'l Tire N. Am., Inc., CA No. 06-6234, 2007 U.S. Dist. LEXIS 62869, *8 (D. N.J. Aug. 27, 2007).) The Congressional decision to exclude the provision divesting a federal court of jurisdiction after it has denied the motion for class certification is consistent with general principles that events which occur after jurisdiction has been determined do not, in most

cases, divest the court of that jurisdiction.  *See* <u>Westmoreland Hospital</u> and <u>Red Cab</u>, *supra*.

While this intent appears to be reasonably clear, we do note that Congress also intended to give the federal court "discretion to handle Rule 23-ineligible cases appropriately."  Making an appropriate discretionary decision requires the Court to consider the history and current status of this litigation.  This case was originally filed almost a year ago and promptly removed to this Court.  During that period, in addition to this renewed motion to remand and the motion for class certification, we have considered a motion to dismiss the complaint in its entirety; a motion to remand to state court; numerous motions to compel answers to interrogatories, for production, or to exclude Defendant's expert and expert report; a motion for reconsideration and for a hearing; and motions to continue various court deadlines by both parties. In short, this Court has invested considerable judicial time and effort in this matter and is exceedingly familiar with its facts and procedural posture.  While we are confident in the ability of a Pennsylvania common pleas court to bring this matter to an appropriate resolution, it appears this Court might be able to do so more expeditiously.  Moreover, as Defendant points out, future procedural problems could be exacerbated if Plaintiffs attempted to appeal any of this Court's decisions, in particular the decision to deny class certification, after the matter was remanded to state

court.   *See* <u>Allen Wright</u>, 2009 U.S. Dist. LEXIS 39555 at \*19-\*20 ("The potential procedural hurdles of appealing a certification upon a final judgment while in state court weigh in favor of retaining the action.")   We therefore exercise our discretion and deny Plaintiffs' motion to remand.

An appropriate Order follows.

January ___5___, 2010

William L. Standish
United States District Judge

23