IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY LEWIS and TIMOTHY TRAPUZZANO,)
                                     )
        Plaintiffs,                  )
                                     )
           vs.                       )  CA No. 09-164
                                     )
FORD MOTOR COMPANY, WASHINGTON       )
    FORD, INC., and MORELLI HOSKINS  )
    FORD, INC.,                      )
                                     )
        Defendants.                  )

## MEMORANDUM ORDER

On January 5, 2010, the Court issued a Memorandum Opinion and Order (see Doc. Nos. 107 and 108, "the Remand Opinion"), denying Plaintiffs' renewed motion to remand this case to the Court of Common Pleas of Armstrong County, Pennsylvania.  As usual, the decision instigated a flurry of motions from the parties.  First, Plaintiffs filed a motion pursuant to 28 U.S.C. § 1292(b), seeking an order of court staying the case and certifying for interlocutory appeal the Court's denial of the motion to remand.  (Doc. No. 109.) Plaintiffs then filed a motion to extend time to complete discovery and respond to Defendants' pending motions for summary judgment, arguing that discovery disputes and difficulty in scheduling depositions "[made] adhering to the schedule unrealistic, unduly burdensome and inefficient" and that the Court should first decide their motion for the certificate allowing interlocutory appeal. (Doc. No. 112.)  We granted Plaintiffs' motion to stay the case temporarily, pending Defendants' response to Plaintiffs' first

motion and the Court's decision on that question (Doc. No. 113), but issued no order with regard to an extension of time to complete discovery. Defendants then filed a motion seeking a partial lift of the stay and reinstatement of the original summary judgment briefing schedule. (Doc. No. 114.)

For the reasons discussed below, Plaintiffs' motion at Docket No. 109 is denied, Defendants' motion is granted in part and denied in part; and that portion of Plaintiffs' earlier motion seeking an extension of time to complete discovery is, consequently, granted.

The parties are familiar with facts and procedural history of this case, thus we find no reason to reiterate that information here. *See* Lewis v. Ford Motor Co., 610 F. Supp.2d 476, 478-480 (W.D. Pa. 2009).

## I.   PLAINTIFFS' MOTION FOR A CERTIFICATE OF APPEALABILITY

In the Remand Opinion, the Court concluded it should retain jurisdiction of this matter based on the language of the statute itself, a comparative analysis of case law on the question from this and other circuits, and portions of the legislative history of the U.S. Senate bill enacting the Class Action Fairness Act ("CAFA.") *See* Trapuzzano [Lewis] v. Ford Motor Co., CA No. 09-164, 2010 U.S. Dist. LEXIS 372 (W.D. Pa. Jan. 5, 2010). Plaintiffs argue that the Court's errors in that Opinion have resulted in a situation which "overwhelmingly" satisfies any one of the three

bases for an immediate appeal under 28 U.S.C. § 1292(b).[1]
(Plaintiffs' Memorandum of Law in Support of the Motion..., Doc.
No. 110, "Plfs.' Memo," at 4.)  First, they argue, the Court's
decision that it has continuing jurisdiction under CAFA despite
denial of the motion for class certification is a controlling
question of law, that is, the decision is "(1) an incorrect
disposition [which] would constitute reversible error if presented
on final appeal or (2) the question is 'serious to the conduct of
the litigation either practically or legally.'"  (Id. at 4-5,
citing In re Chocolate Confectionary Antitrust Litig., 607 F.
Supp.2d 701, 705 (M.D. Pa. 2009), quoting Katz v. Carte Blanche
Corp., 496 F.2d 747, 755 (3d Cir. 1974).)  The second alternative,
that there be conflicting judicial opinions or a lack of binding
precedent on the questions addressed in the Remand Opinion, is also
satisfied, according to Plaintiffs, inasmuch as the Court
specifically noted that district courts are split on the question
of whether jurisdiction under CAFA continues after class

---

[1]  The statute provides: "When a district judge, in making in a
civil action an order not otherwise appealable under this section,
shall be of the opinion that such order involves a controlling
question of law as to which there is substantial ground for difference
of opinion and that an immediate appeal from the order may materially
advance the ultimate termination of the litigation, he shall so state
in writing in such order.  The Court of Appeals which would have
jurisdiction of an appeal of such action may thereupon, in its
discretion, permit an appeal to be taken from such order, if
application is made to it within ten days after the entry of the
order: Provided, however, That application for an appeal hereunder
shall not stay proceedings in the district court unless the district
judge or the Court of Appeals or a judge thereof shall so order.  28
U.S.C. § 1292(b).

certification has been denied. Moreover, there is no binding precedent from the U.S. Court of Appeals for the Third Circuit on this question while other courts of appeals are similarly split and provide little in the way of persuasive guidance. (Plfs.' Memo at 6, *citing* In re Chocolate, 607 F. Supp.2d at 706.) Finally, this situation is one in which an issue should be certified for appeal because an immediate decision by the higher court would foreclose the need for a trial or otherwise limit the issues for trial. (Id. at 6.)

The Court need not address the merits of these arguments because, as Defendants point out, Plaintiffs have failed to follow the specific provisions for interlocutory appeal under CAFA. (Defendants' Memorandum in Opposition to Plaintiffs' Motion for § 1292(b) Certification, Doc. No. 116, at 4-6.)

CAFA sets out an alternative to the normal interlocutory appeal process of § 1292(b). The statute provides:

> Section 1447 [28 USCS § 1447] shall apply to any removal of a case under this section, except that notwithstanding section 1447(d) [28 USCS § 1447(d)], a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

28 U.S.C. § 1453(c)(1). Review of remand orders.

This provision clearly describes what Plaintiffs *should* have done, that is, within ten days of the entry of this Court's order denying their renewed motion to remand, they should have applied

directly to the Third Circuit Court of Appeals for review.  That court would then have undertaken a two-step process: it would determine whether or not to accept the appeal and, assuming it did so, would hand down its decision within 60 days unless all parties mutually agreed to an extension of that time period.  *See* 28 U.S.C. § 1453(c)(2) and (3).  As noted in the title of the section and in its language, this provision *explicitly* applies to remand orders and was intended to achieve just the goal Plaintiffs seek - prompt appellate review to interpret this relatively new legislation on questions for which there is little or no established precedent. *See* Morgan v. Gay, 466 F.3d 276, 278 (3d Cir. 2006) and citations therein to the legislative history of the act.

The Court entered its order denying remand on January 5, 2010. As far as we are aware, Plaintiffs failed to file the necessary petition under 28 U.S.C. § 1453(c) with the Court of Appeals in a timely manner.  This Court is also unaware of any published decisions in which a court has granted a certificate of appealability pursuant to § 1292(b) with regard to a motion to remand when CAFA is applicable despite the plaintiff's failure to comply with §1453(c).[2]  Plaintiffs' motion to certify the January

---

[2]   This does not mean other aspects of CAFA cannot be appealed pursuant to § 1292.  *See*, for example, Deutsche Bank Nat'l Trust Co. v. Weichert, 638 F. Supp.2d 826 (N.D. Ohio 2009), certifying for appeal under § 1292 the question of whether counterclaim defendants had standing to remove the case from state to federal court; and Genenbacher v. CenturyTel Fiber Co. II, LLC, 500 F. Supp.2d 1014 (C.D. Ill. 2007), certifying the question of whether the court continued to have jurisdiction after the motion for class certification was denied.

5, 2010 order denying their motion to remand is therefore denied.

## II.  DEFENDANTS' MOTION TO LIFT THE STAY AND REINSTATE THE SUMMARY JUDGMENT BRIEFING SCHEDULE

Defendants argue that (1) Plaintiffs' pending motion pursuant to 28 U.S.C. § 1292(b) does not require modification of the briefing schedule established in the Order of Court entered on September 17, 2009; and (2) Plaintiffs' alleged need for an extension of time in which to conduct additional discovery is without support because they have failed to comply with the mandatory requirements of Rule 56(f).  (Defendants' Brief in Support of Motion for Partial Lift of Stay and Reinstatement of Summary Judgment Briefing Schedule, "Defs.' Brief," Doc. No. 115, at 3.)

Although styled as a brief in support of their motion to lift the stay, the Court has considered Defendants' brief as one in opposition to Plaintiffs' earlier motion for an indefinite extension of time to complete discovery and respond to the motions for summary judgment.  That motion was granted insofar as the Court agreed to stay discovery in this matter while the § 1292(b) motion was pending.  (*See* Doc. No. 113.)  Having determined that Plaintiffs failed to take the proper steps to seek review of the Court's Remand Opinion, and that Plaintiffs' § 1292(b) motion must consequently be denied, the stay is hereby lifted and the Court will consider the arguments raised in Plaintiffs' original motion.

As noted above, Plaintiffs' motion refers to the schedule

ordered by the Court as "unrealistic, unduly burdensome and inefficient." (Doc. No. 112 at 1.) They further contend that the "natural consequence" of limiting discovery to issues raised in Defendants' motions for summary "was to fuel discovery disputes and lead to unnecessary motion practice." (Id. at 2.) They refer specifically to two depositions now scheduled for February 4-5, 2010, and the difficulty of their counsel traveling to Michigan for those depositions in light of a trial during the week of January 25. (Id. at 2-3.)

In support of their argument that for the past two months, counsel for Plaintiffs has refused to schedule the depositions in question, Defendants provide a number of e-mail exchanges. (Defs.' Brief at 2.) Specifically, Defendants cite the depositions of their expert and 30(b)(6) witnesses from Ford Motor Company and Washington Ford, all of which Plaintiffs had requested. According to the e-mail correspondence (which the Court has reviewed in detail), Defendants offered numerous dates and times in January for these depositions, none of which seemed to accommodate opposing counsel's schedule. (See Defs.' Brief, Exhibit E, e-mail correspondence among counsel for the period October 29, 2009, through January 14, 2010.) Defendants also point out that contrary to general practice under Local Rule 56(c) which requires a response to a motion for summary judgment within 30 days after the date on which such a motion is filed, the briefing schedule issued

by the Court following a status conference on December 17, 2009,
allowed Plaintiffs 110 days to complete additional discovery and
respond to the motions.     (Defs.' Brief at 5-7.)     Moreover,
Defendants argue, Plaintiffs' counsel repeatedly failed to meet
deadlines he had agreed to or established himself and failed to
comply with the Court's instructions in the order of December 17,
2009, setting discovery and briefing deadlines.  (Id. at 7-11.)
Finally, Defendants argue that Plaintiffs have failed to satisfy
Federal Rule of Civil Procedure 56(f) which requires a party
opposing summary judgment who believes it has had insufficient
opportunity for discovery to show "by affidavit" the "specified
reasons it cannot present facts essential to justify its
opposition."  (Id. at 13-16.)

     The Court has considered the arguments and evidence of the
parties and concludes that despite several failures by Plaintiffs'
counsel to comply with previous orders and with the provisions of
Rule 56(f), each deadline in the scheduling order of December 17,
2009, will be extended by seven (7) days.[3]  This extension reflects
the number of business days this matter was stayed while the Court
considered Plaintiffs' § 1292(b) motion through the date of the
order accompanying this opinion.     Although we recognize that
Plaintiffs' counsel may have been committed to participating in a

---

[3]  Some February deadlines have been extended by an additional
day due to the Court's previous failure to take into account that
February 15, 2010, Presidents Day, is a federal holiday.

trial during the week of January 25, 2010, according to notes of the law clerk who attended the conference on December 17, 2009, he did not advise the Court of this commitment and we therefore find no reason to grant an additional extension on that basis.

We also note from the e-mail correspondence that Plaintiffs' counsel is insisting on taking the depositions of Ford executives in Pittsburgh, Pennsylvania, rather than at Ford's corporate headquarters in Dearborn, Michigan.  To forestall filing of yet more motions, we have outlined in the attached order the procedures under which the depositions of Ford's 30(b)(6) witnesses shall be taken.   First, they shall take place in Dearborn, Michigan, pursuant to the general rule that in the absence of unusual circumstances[4] which would justify allowing the depositions to proceed at another location, depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business.  See Luther v. Kia Motors Am., Inc., CA No. 08-386, 2009 U.S. Dist. LEXIS 53494, *9-*10 (W.D. Pa. June 18, 2009), and cases cited therein.   Because Plaintiffs' counsel himself

---

[4]  In the e-mail correspondence discussing this issue, Plaintiffs' counsel points to no "unusual circumstances" for taking the depositions in Pittsburgh but states that his "good argument" for doing so is "well-established."  (Defs.' Brief, Exh. E, at 18.)  The only argument actually raised pertains to the time and expense of two attorneys traveling to Michigan as compared to sending a deponent to Pittsburgh and the need to be "near the Court in case any disputes break out."  (Id. at 23.)  The Court notes that there are actually two witnesses to be deposed in Michigan, so the expense argument is in equipoise and, if necessary, the Court can resolve any deposition disputes by a telephone call from Michigan as easily as a call from Pittsburgh.

proposed February 4-5, 2010, for the depositions of those witnesses, and Defendants indicated as recently as January 19, 2010, that they were still available on those dates, the depositions shall be conducted as originally scheduled, despite other modifications of the discovery/briefing schedule. The dates set forth in the order attached shall be modified only upon a joint motion of the parties or under extraordinary circumstances beyond the control of counsel.

Furthermore, counsel are advised that the Court will not consider additional requests for extension of time in which to complete discovery or respond to the motions for summary judgment unless such motions comply with all relevant Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Western District of Pennsylvania. Failure to do so may result in the Court entertaining a motion for sanctions from opposing counsel.

An appropriate order follows.

January 26, 2010

William L. Standish
United States District Judge

10